**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2502-17T2

M.S. WHOLESALE PLUMBING,
INC., on behalf of itself and all
other entities and persons similarly
situated,

     Plaintiff-Respondent,

v.

GEN-KAL PIPE & STEEL,
CORPORATION and EUGENE
J. KALSKY,

     Defendants-Appellants.

_____

Submitted December 17, 2018 – Decided January 15, 2019

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Docket No. DJ-083651-17.

Klein Law Group, PLLC, attorneys for appellants (Andrew M. Klein, on the briefs).

Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, attorneys for respondent (G.G. Troublefield and Christopher J. Buggy, of counsel and on the brief).

PER CURIAM

Defendants Gen-Kal Pipe & Steel Corp. ("Gen-Kal") and Eugene J. Kalsky appeal from the Law Division's December 19, 2017 order granting a motion by plaintiff Wholesale Plumbing, Inc. ("M.S. Wholesale Plumbing") to levy and sell Kalsky's real property. For the reasons that follow, we reverse and remand.

Defendant Kalsky is the owner and CEO of Gen-Kal, a New Jersey corporation with a principal address in New Jersey. Plaintiff M.S. Wholesale Plumbing is an Arkansas company with a principal address in Arkansas. The controversy in this case stems from a judgment entered by a state trial court in Russellville, Pope County, Arkansas. In the Arkansas litigation, plaintiff M.S. Wholesale Plumbing filed a class action lawsuit against defendants Gen-Kal and Kalsky, alleging that Gen-Kal sent unsolicited faxes in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. M.S. Wholesale Plumbing alleged that it received one fax containing an offer to purchase piping that did not include an opt-out notice, as required by Federal Communications Commission regulations implemented under the TCPA. The

complaint further alleged that "Eugene Kalsky is personally liable under a veil-piercing theory because he has demonstrated an abuse of the corporate form to commit the violations and wrongs alleged in this complaint."

Defendants did not immediately retain counsel or formally answer the complaint. Instead, in December 2015, Kalsky personally sent a one-page letter to the clerk of the Arkansas court stating that the fax was not unsolicited and requesting that the action be dismissed. Inexplicably, the Arkansas court treated this letter as an answer, despite Arkansas law prohibiting a corporation from appearing unless represented by an attorney. Ark. Code Ann. § 16-22-211(a) ("It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body[.]"); see also DeSoto Gathering Co. LLC v. Hill, 531 S.W.3d 396, 402 (2017) ("We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity."). Thereafter, the Arkansas court certified a class action, although M.S. Wholesale Plumbing was the only identified member of the class. Plaintiff then served notices to admit on Kalsky and Gen-Kal, to which defendants did not respond. On March 17, 2017, the Arkansas

court granted summary judgment in favor of M.S. Wholesale Plumbing, deeming Gen-Kal to have admitted to sending 25,000 unsolicited faxes to the class based on its failure to respond to the notices to admit. Based solely on Gen-Kal's failure to respond to the notices to admit, the Arkansas court entered judgment in the amount of $12.5 million against Gen-Kal and Kalsky, jointly and severally.[1]

After the judgment was entered, Kalsky retained Arkansas counsel and filed a motion to set aside the judgment in July 2017, which the Arkansas court denied. On November 16, 2017, defendants appealed the denial of the motion to set aside the final judgment to the Arkansas Court of Appeals ("the Arkansas Appeal"). This appeal remains pending before the Arkansas Court of Appeals.

Meanwhile, before defendants moved to vacate the Arkansas judgment, plaintiff domesticated the judgment in New Jersey under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), N.J.S.A. 2A:49A-25 to -33, by filing the judgment with the Clerk of the Superior Court on May 31, 2017. On June 27, 2017, defendants filed a motion to vacate the domesticated

---

[1] The TCPA provides that a person who has received a communication in violation of the act may bring an action in the court of a state "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(b).

judgment in the Law Division, Burlington County ("the Burlington County motion"). That motion remains pending before the Law Division.[2]

Plaintiff then took steps to enforce the judgment in New Jersey. In July 2017, plaintiff served a subpoena on Kalsky to appear for a deposition and produce documents. Plaintiff also caused a writ of execution to be issued, directing the Sheriff of Cape May County to execute against Kalsky's personal property in satisfaction of the judgment. The Sheriff attempted to levy defendant's personal property, but was unable to do so. In September 2017, Kalsky was deposed and questioned regarding all his assets.

On November 1, 2017, plaintiff filed a motion pursuant to N.J.S.A. 2A:17-1 and Rule 4:59-1 in the Law Division, Cape May County to levy and sell real property owned by Kalsky in Cape May County. Defendants did not file a formal opposition to the motion, but counsel for defendants submitted two letters to the trial court on November 17 and 30, 2017. The first letter asked the trial court to postpone the motion until the resolution of the Burlington County

---

[2] The parties agree that this motion remains pending, with no date set for argument or decision, but disagree as to whether the motion is being held in abeyance. Plaintiff asserts that the court has held the motion in abeyance pending the outcome of the Arkansas appeal. On the other hand, defendants assert that they have persistently requested that the court rule on the motion to vacate the domesticated judgment.

A-2502-17T2

motion to vacate the domesticated judgment. The second letter requested the opportunity to fully oppose and brief the motion, raising the following reasons that the Arkansas judgment should not be entitled to comity: (1) the judgment was not final as it was being appealed on substantive and procedural due process grounds; (2) the TCPA does not permit personal liability except in circumstances not present here; (3) the class certification was improper; and (4) defendants already objected to the domestication of the Arkansas judgment in Burlington County.

On December 19, 2017, the trial court issued a written decision and order granting plaintiff's motion to levy and sell the property. In its decision, the trial court found that plaintiff had made a good faith attempt to locate Kalsky's personal property in Cape May County, as required by N.J.S.A. 2A:17-1 and Rule 4:59-1(d). The trial court also noted defendants' arguments against giving comity to the Arkansas judgment, but concluded:

> Although [d]efendants assert[] they have filed an appeal and for bankruptcy, no stay has been issued, nor has the Superior Court in Burlington County issued an opinion in this matter. Furthermore, under the Full Faith and Credit Card Clause of the United States Constitution, judgments of foreign jurisdictions are given full faith and credit in New Jersey. Plaintiff is therefore entitled to levy and sell Mr. Kalsky's personal property located . . . [in] Ocean City, New Jersey.

6

This appeal ensued.

While this appeal was pending, Kalsky used two statutory adjournments to postpone the sheriff's sale to July 11, 2018.  On July 2, 2018, defendants filed a motion seeking a stay of the sheriff's sale pursuant to Rule 2:9-5 pending the resolution of the Arkansas appeal, the Burlington County motion, and this appeal.  On July 17, 2018, the trial court issued a written memorandum of decision and entered an order granting defendants' motion and staying the sheriff's sale pending the resolution of the Arkansas appeal and the Burlington County motion.  The trial court found:

> If the Arkansas judgment was not valid, as [d]efendants assert due to Gen-Kal's inability to participate in a lawsuit without an attorney per Arkansas law, then there is a high chance of success on the merits in [d]efendant Kalsky's favor.  Moreover, this Court cannot enforce a judgment and levy real property without ensuring that the underlying judgment was valid. McKesson Corp., 197 N.J. at 275.  As that is still at issue in the Arkansas Appellate Courts, and in Burlington County, this matter should be stayed pending resolution of the preceding matters.

The trial court also ordered that Kalsky provide the deed to the property to be held in escrow and that Kalsky was restricted from further encumbering the property as security pursuant to Rule 2:9-6(a)(2).  Plaintiff did not appeal the

A-2502-17T2

order granting the stay of the sheriff's sale. Thus, enforcement of the order on appeal is currently stayed.

On appeal from the trial court's December 19, 2017 order granting plaintiff's motion to levy and sell the property, defendants raise the following points for our review:

> I. THE COURT SHOULD VACATE THE DECISION BELOW, AS IT FAILS TO CONSIDER AND RESOLVE VALID DUE PROCESS OBJECTIONS TO THE ARKANSAS JUDGMENT.
>
> II. IN THE ALTERNATIVE, THE COURT BELOW SHOULD HAVE HELD PROCEEDINGS IN ABEYANCE PENDING RESOLUTION OF GENE KALSKY'S CHALLENGES TO THE VALIDITY OF THE JUDGMENT.
>
> III. THE DECISION BELOW SHOULD BE VACATED AND REMANDED, BECAUSE IT IS UNCLEAR, AMBIGUOUS, AND FAILS TO COMPLY WITH R. 1:7-4.

Defendants do not dispute that plaintiff followed the requirements of N.J.S.A. 2A:17-1 and Rule 4:59-1. Rather, the appeal focuses on the legal issue of whether Arkansas had personal jurisdiction over defendants such that the Arkansas judgment should be given comity in New Jersey. See YA Glob. Investments, LP v. Cliff, 419 N.J. Super. 1, 8 (App. Div. 2011) ("The question

whether a court has personal jurisdiction over a defendant is a question of law, and thus our review of the issue is de novo."). We review a legal issue de novo. See Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Having considered the record and applicable legal principles, we find that the trial court failed to properly consider defendants' objections to the personal jurisdiction of the Arkansas court before affording full faith and credit to the Arkansas judgment. The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art IV, § 1. Through the procedures of the UEFJA, New Jersey "discharg[es] its Full Faith and Credit obligations." Singh v. Sidana, 387 N.J. Super. 380, 382 (App. Div. 2006). Under the UEFJA, a judgment creditor may file a foreign judgment with the Clerk of the Superior Court to enforce that judgment in this state. N.J.S.A. 2A:49A-27.

Although domestication of a foreign judgment is not generally an opportunity to collaterally attack the judgment of the court of a sister state, New Jersey courts will not give full faith and credit to a the judgment where the court of the sister state lacked jurisdiction or where there was a denial of due process.

9

See McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 275 (2009) ("Of course, the judgment for which full faith and credit is sought must itself be valid, that is, it must be issued by a court of competent jurisdiction in possession of valid personal jurisdiction over the defendant."); State of Maine v. SeKap, S.A. Greek Co-op Cigarette Mfg. Co., 392 N.J. Super. 227, 235 (App. Div. 2007) ("[T]he judgment debtor may raise due process defenses in any enforcement action in New Jersey under the UEFJA."); Sonntag Reporting Serv., Ltd. v. Ciccarelli, 374 N.J. Super. 533, 540 (App. Div. 2005) ("Litigants seeking to assert merit defenses, other than due process defenses, must do so in the forum state."). In this case, therefore, defendants were entitled to raise objections to personal jurisdiction both in Arkansas and New Jersey. McKesson, 197 N.J. at 275.

The trial court's decision does not substantively address the objections to the jurisdiction of the Arkansas court raised by defendants.[3] See Sekap, 392 N.J. Super at 242 (remanding where trial court failed to address jurisdictional

[3] Although plaintiff's November 30, 2017 letter in opposition to plaintiff's motion did not specifically discuss the issue of personal jurisdiction, it sufficiently raised due process concerns such that the trial court should have considered whether the Arkansas judgment was not entitled to comity on due process grounds. Indeed, the trial court's memorandum of decision noted "[d]efendants argue that there are numerous and substantive procedural due process errors that led to an unsupported judgment and award of $12.5 million."

challenge to enforcement of foreign judgment).  In this regard, the trial court's analysis of whether to give comity to the Arkansas judgment is limited to the following:  "[U]nder the Full Faith and Credit Clause of the United States Constitution, judgments of foreign jurisdictions are given full faith and credit in New Jersey.  Plaintiff is therefore entitled to levy and sell Mr. Kalsky's personal properly located . . . [in] Ocean City, New Jersey."  The trial court did not address whether the Arkansas court had personal jurisdiction over either Kalsky or Gen-Kal.  With such a cursory analysis, the trial court failed to ensure that the Arkansas judgment was "issued by a court of competent jurisdiction in possession of valid personal jurisdiction over the defendant[s]."  McKesson, 197 N.J. at 275.

Consequently, we vacate the trial court's December 19, 2017 order granting plaintiff's motion to levy and sell Kalsky's property and remand the case to the trial court to consider defendants' objections to personal jurisdiction of the Arkansas court.  See Sekap, 392 N.J. Super 244 (remanding where "the current record makes resolution of the [jurisdictional] issue impossible.").  The trial court may in its discretion permit discovery on the issue of personal jurisdiction and hold a plenary hearing to resolve factual disputes relevant to this issue.  See id. at 243-44.  We also hold that defendants need not post security

A-2502-17T2

pending the resolution of the remand proceedings.  Id. at 244 ("We hold that the assertion of a 'due process defense' to the domesticated judgment may be properly raised without the posting of any security[.]").

Additionally, we direct the trial court to hold any further proceedings in abeyance pending the resolution of the Arkansas appeal and the Burlington County motion.  In the absence of special equities, a New Jersey court should dismiss or stay a New Jersey action pending the resolution of a "first-filed" action in another forum.  See Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 386 (2008); Kitchens Int'l, Inc. v. Evans Cabinet Corp., 413 N.J. Super. 107, 115 (App. Div. 2010).  In this case, the issue of personal jurisdiction may be addressed by either the Arkansas Court of Appeals or the Burlington County court.  All other proceedings should be stayed pending a determination by those tribunals.  We do not predict the outcome of any remand proceedings, but note that the trial court may not necessarily be bound by the ruling of the Arkansas Court of Appeals, to ensure that defendants' objections to the jurisdiction of the Arkansas court are fully considered.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12