**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2010-22

SYNERGY GLOBAL
OUTSOURCING, LLC,

     Plaintiff-Respondent,

v.

HINDUJA GLOBAL
SOLUTIONS, INC. and
HGS HEALTHCARE, LLC,

     Defendants-Appellants.

_____

Submitted April 8, 2024 – Decided March 13, 2025

Before Judges Gilson, DeAlmeida and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1803-22.

Fishkin Lucks LLP, Barry Barnett (Susman Godfrey LLP) of the Texas bar, admitted pro hac vice, and Tanner H. Laiche (Susman Godfrey LLP) of the California bar, admitted pro hac vice, attorneys for appellant (Erin C. O'Leary, Barry Barnett and Tanner H. Laiche, of counsel and on the briefs).

Benjamin R. Joelson (Akerman LLP) and Scott M. Kessler (Akerman LLP) of the New York bar, admitted pro hac vice, attorneys for respondent (Benjamin R. Joelson and Scott M. Kessler, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

This appeal arises from an action initiated by motion in the Law Division to quash a subpoena ad testificandum served on non-party Wilson Mitchell in an action pending in a Texas state court. Hinduja Global Solutions, Inc. (HGSI) and HGS Healthcare, LLC (collectively, the HGS Parties), who served the subpoena, appeal from the January 23, 2023 order of the Law Division: (1) granting Mitchell's motion for reconsideration of the court's December 6, 2022 order denying his motion to quash the subpoena; and (2) quashing the subpoena and dismissing the action without prejudice. We affirm.

I.

On December 30, 2019, Synergy Global Outsourcing, LLC (Synergy) filed a complaint in the District Court of Dallas County against the HGS Parties, alleging breach of a broker agreement in which the HGS Parties agreed to pay Synergy commissions for procuring existing and new lines of business (the Texas Matter).

The HGS Parties asserted several counterclaims in the Texas Matter against Synergy and Ali Ganjaei, former general counsel of Synergy and the HGS Parties, and a former member of the Boards of Directors of the HGS Parties. The HGS Parties allege Ganjaei, among other things, caused himself and other fiduciaries of HGSI to acquire a controlling interest in Synergy through ownership of HBI Group, Inc. (HBI Group), and failed to disclose that he stood to gain personally from the broker agreement. Of the HGS Parties' counterclaims, only a claim for knowing breach of fiduciary duty remains pending.

On February 22, 2022, the HGS Parties served a subpoena duces tecum and ad testificandum in the Texas Matter on HBI Group in New York. The subpoena primarily sought to trace the flow of payments and other benefits from the broker agreement, including through payments Synergy made to HBI Group, to the ultimate beneficiaries, whom the HGS Parties seek to identify. HBI Group timely served responses and objections to the subpoena on March 17, 2022.

On May 31, 2022, the HGS Parties initiated a special proceeding in New York Supreme Court in Albany County to compel HBI Group to respond more fully to the subpoena and produce a representative for a deposition. The matter was transferred to New York County.

A-2010-22

On November 22, 2022, the New York Supreme Court granted in part and denied in part the HGS Parties' motion to compel. The court ordered HBI Group to respond to the subpoena, but limited the scope of the production request from the eighteen-year period identified in the subpoena to January 1, 2009 through December 31, 2011. The court reasoned that the HGS Parties' counterclaims arose out of execution of the broker agreement in 2011 and HBI Group's acquisition of a controlling interest in Synergy in 2010 and, therefore, an eighteen-year scope of inquiry would be overbroad and onerous.

Both HBI Group and the HGS Parties appealed the decision to the Appellate Division of New York Supreme Court. HBI Group moved for a stay pending appeal, which the New York Appellate Division granted.

On the same day the HGS Parties subpoenaed HBI Group in New York, they served a substantially similar subpoena on Hinduja Group International, LLC (HGIL), HBI Group's parent corporation, in Delaware. The HGS Parties later moved to compel HGIL's compliance with the subpoena in the Delaware Superior Court. A Delaware judge ordered HGIL to produce all documents in its possession, custody, or control relating to HGIL's controlling interest in HBI Group dated between January 1, 2009 and December 31, 2011.

A-2010-22

On October 3, 2022, prior to the New York trial court's decision on the motion to compel, the HGS Parties served a subpoena ad testificandum in the Texas Matter on Mitchell, HBI Group's Chief Financial Officer (CFO), in New Jersey.

On October 17, 2022, Mitchell moved in the Law Division pursuant to R. 4:10-2 to quash the subpoena or, alternatively, for a protective order limiting the scope of the deposition to Mitchell's role and conduct with respect to Synergy for the period January 1, 2009 through December 31, 2011. Mitchell argued the court should quash the subpoena because the New York action, which was filed before the HGS Parties served the New Jersey subpoena, concerns the permissible scope of the HGS Parties' discovery from HBI Group in the Texas Matter. Alternatively, Mitchell argued that if the motion to quash was denied, the court should enter a protective order limiting the scope of his deposition to his role and conduct with Synergy between January 1, 2009 and December 31, 2011. Mitchell relied, in part, on the Delaware court's decision limiting the scope of the HGS Parties' inquiry.

The HGS Parties opposed the motion, arguing that Mitchell served on HGSI's Board of Directors from at least 2015 to 2019, and on Synergy's Board of Directors beginning in 2016. In light of those positions, the HGS Parties

5

argued, Mitchell had an intimate personal knowledge of the flow of payments from them through Synergy to HBI Group and the ultimate beneficiaries, beyond that of the HBI Group as a corporate entity. Thus, they argued, discovery from HBI Group, which was at issue in the New York action, was not substantially the same issue as discovery from Mitchell.

On December 6, 2022, the trial court issued a written decision denying Mitchell's motion. The court found that "Mitchell's first argument, that the subpoena should be quashed because compelling Mitchell's deposition would violate the first-filed rule, is no longer applicable, given the Supreme Court of the County of New York's November 22, 2022 decision." The court continued, "[a]lthough Mitchell has appealed the Supreme Court's ruling and filed an 'application for an interim stay of the [d]ecision pending appeal,' this [c]ourt may properly deny the motion to quash, because the motion to compel itself is no longer 'pending.'" (citation omitted).

With respect to Mitchell's request for a protective order, the court found he did not satisfy his burden of establishing that inquiry by the HGS Parties about events outside the January 1, 2009 to December 31, 2011 timeframe would be unreasonable or oppressive. The court found that the HGS Parties established Mitchell held significant leadership positions at HGSI beginning in 2015 and

6

served dual leadership roles at Synergy and HBI Group during a time when Synergy distributed at least nine million dollars to HBI Group and a related entity between 2010 and 2020. The court found the HGS Parties showed a logical connection between questioning Mitchell about his roles with Synergy and HBI Group during that time and Synergy's breach of contract claim and their counterclaim in the Texas Matter. A December 6, 2022 order memorialized the trial court's decision.

On December 16, 2022, Mitchell moved for reconsideration of the December 6, 2022 order. He argued the December 6, 2022 order was premised on the incorrect assumption that the motion to compel in the New York court had been resolved because the New York trial court had issued a decision on the motion, even though an appeal of that decision was pending. Mitchell argued the court overlooked two precedents holding that the fact that a matter is on appeal does not impact its status as a first-filed action. See Kitchen's Int'l, Inc. v. Evans Cabinet Corp., 413 N.J. Super. 107, 114-16 (App. Div. 2010) and Exxon Research & Eng'g Co. v. Indus. Risk Insurers, 341 N.J. Super. 489, 512-14 (App. Div. 2001).

Mitchell also noted that the New York Appellate Division had issued a stay of the trial court's decision pending appeal. Thus, he argued, there

continues to be no order from any New York court requiring HBI Group to comply with the New York subpoena. The HGS Parties opposed the motion.

On January 23, 2023, the trial court issued a written decision granting the motion for reconsideration and quashing the subpoena. The court agreed it had overlooked the cited precedents and erred when it concluded that the first-filed rule did not apply once the New York trial court issued its opinion where an appeal of that decision was pending. The court, therefore, granted Mitchell's motion for reconsideration.

Turning to the first-filed rule, the court found the New York action, which was filed on May 31, 2022, was filed before Mitchell filed his motion to quash on October 17, 2022.

In addition, the court found the two actions involve substantially the same parties, claims, and legal issues. The court found that the New York subpoena was served on HBI Group and seeks a corporate representative to testify about the recipients of the benefits of the payments to HBI Group by Synergy and to track the flow of those payments and benefits to the ultimate beneficiaries. The New Jersey subpoena, the court found, sought information from Mitchell with respect to his dual roles at Synergy and HBI Group about the same subjects. The court was not convinced by the HGS Parties' argument the two matters

8

concerned different parties, claims, and legal issues because Mitchell has intimate and personal knowledge about the identified areas of inquiry separate and apart from the knowledge of HBI Group as a corporate entity.

The court found the HGS Parties did not argue they would not have the opportunity to obtain adequate relief in the New York action. Thus, the court found, the HGS Parties did not establish special equities exist to avoid application of the first-filed rule.

A January 23, 2023 order grants Mitchell's motion for reconsideration, quashes the subpoena without prejudice, and dismisses the action without prejudice.

This appeal follows. The HGS Parties argue the trial court erred because: (1) the first-filed rule does not apply because Mitchell is not substantially the same party as HBI Group, and the two subpoenas do not involve substantially the same claims or legal issues; (2) the court in the Texas Matter, which was filed before the New York matter, issued decisions requiring broad discovery, to which the Law Division should have deferred rather than deferring to the New York action; and (3) special equities exist that militate against abstention under the first-filed rule, including ongoing efforts by Synergy and Ganjaei to obstruct discovery.

On March 9, 2023, the New York Appellate Division issued an opinion modifying the trial court's temporal limitation of the subpoena served on HBI Group, striking the majority of the HGS Parties' document requests and deposition topics, and placing limits on the remaining requests and topics. In re Hinduja Grp. Solutions, Inc. v. HBI Group, Inc., 184 N.Y.S.3d 755 (N.Y. App. Div. 2023).

On November 26, 2024, New York Appellate Division affirmed a special adjudicator's ruling that HBI Group produce documents in addition to those it produced after remand following the first appeal. In re Hinduja Global Solutions, Inc. v. HBI Group, Inc., 223 N.Y.S.3d 630 (N.Y. App. Div. 2024).

## II.

Appellate courts evaluate a trial court's decisions on comity matters under an abuse of discretion standard. See Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 390 (2008). "The determination of whether to grant a comity stay or dismissal is generally within the discretion of the trial court." Ibid.

"New Jersey has long adhered to 'the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities.'" Id. at 386 (quoting Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978)). "Under the first-filed rule, a New Jersey state court ordinarily will stay or

dismiss a civil action in deference to an already pending, substantially similar lawsuit in another state, unless compelling reasons dictate that it retain jurisdiction." Platkin v. Smith & Wesson Sales Co., Inc., 474 N.J. Super. 476, 487 (App. Div. 2023) (quoting Sensient Colors, Inc., 193 N.J. at 386).

When a party moves for a comity stay or dismissal, the court must undertake a two-step analysis. First, the court decides whether the moving party has shown "that there is a first-filed action in another jurisdiction involving substantially the same parties, claims, and legal issues as the action in this state." Sensient Colors, 193 N.J. at 393. Then, "[o]nce that is established, the party opposing a stay or dismissal must demonstrate the presence of one or more special equities that overcome the presumption favoring the first-filed action." Ibid.

There is no dispute the New York action was filed before the New Jersey motion to quash. The HGS Parties, however, contend the two matters do not concern substantially the same parties, claims and legal issues. The record does not support that contention.

"[T]he parties, claims, and issues in the two lawsuits" need not be "exactly the same"; rather, the question is whether the issues are "substantially the same." Id. at 391 (emphasis in original). That determination is fact-specific. For

11

example, where a later-filed action significantly expands the scope of the claims at issue by adding additional parties and claims, the earlier action may not be considered the "first-filed" action for comity purposes as to the additional parties and claims. See Cont'l Ins. Co. v. Honeywell Int'l, Inc., 406 N.J. Super. 156, 175-76 (App. Div. 2009).

We see no basis on which to disturb the trial court's conclusion that the New York matter and the New Jersey matter involve substantially the same parties, claims, and legal issues. The HGS Parties and no other parties seek production of discovery in both matters. Additionally, HBI Group and Mitchell, who is HBI Group's CFO, bear substantial similarity, particularly in relation to the proceedings at issue here. The HGS Parties admit the testimony they seek from Mitchell concerns HBI Group's business and the flow of payments to and from HBI Group.

The legal issues and claims in both matters are also substantially similar. The New York court has before it the question of which documents HBI Group must produce and what topics will be addressed at the deposition of the witness HBI Group names in response to the New York subpoena. The New Jersey action concerns the topics Mitchell may be questioned about at a deposition in response to the New Jersey subpoena. Both subpoenas seek discovery about the

12

flow of funds from the HGS Parties through Synergy to HBI Group and, subsequently, from HBI Group to what the HGS Parties describe as the "ultimate beneficiaries."

While HBI Group is a separate legal entity from its officers and may not share a common legal interest with Mitchell, those distinctions are insufficient to establish that the two subjects of the subpoenas are not substantially similar parties or that the proper scope of the subpoenas are not substantially similar issues.

We also discern no abuse of discretion with the trial court's conclusion that the HGS Parties did not establish special equities justifying a court's decision to "disregard the traditional deference paid to the first-filed action in another state and to exercise jurisdiction over a case filed in this state." Sensient Colors, 193 N.J. at 387. "Special equities are reasons of a compelling nature that favor the retention of jurisdiction by the court in the later-filed action." Ibid. Courts have found special equities under a variety of circumstances, including when (1) "'significant state interests . . . are implicated, and when deferring to a proceeding in another jurisdiction "would contravene the public or judicial policy" of the forum state'"; (2) "'it would cause "great hardship and inconvenience" to one party by proceedings in the first-filed action and no

13

unfairness to the opposing party by proceeding in the second-filed action'"; (3) "'one party has engaged in jurisdiction shopping to deny the other party the benefit of its natural forum'"; and (4) "'a party acting in bad faith has filed-first "in anticipation of the opposing party's imminent suit in another, less favorable, forum."'" Smith & Wesson Sales Co., 474 N.J. Super. at 487 (omission in original) (quoting Sensient Colors, 193 N.J. at 387-89).

The record does not support a finding of any of those circumstances. New Jersey has no apparent interest in the Texas Matter, our public policy is not implicated by the subpoenas, there has been no showing of great hardship to the HGS Parties in proceeding in the New York forum they chose, and no party has alleged jurisdiction shopping or strategic filing to avoid a less favorable forum.

Nor do we see support in the record for the HGS Parties' claim that a special equity exists to maintain the New Jersey action because they will not have an opportunity to obtain complete relief in New York. Their argument is based on the premise that the New York court may limit their ability to question HBI Group and its representative, who may not have the same breadth of knowledge about HBI Group's financial affairs as Mitchell. The chance that the HGS Parties will not secure a complete victory in New York is not the equivalent of being denied the opportunity to obtain complete relief. The HGS Parties

elected to seek discovery from HBI Group through service of a subpoena in New York. They then filed a motion to compel in a New York court. The record establishes that the New York courts are actively considering the appropriate scope of the HGS Parties' discovery requests. The HGS Parties' subsequent attempt to obtain discovery from HBI Group's CFO in a New Jersey court should defer to the New York action.

To the extent we have not specifically addressed the HGS Parties' remaining claims, including that the New Jersey court should have maintained the motion to quash in order to effectuate the Texas court's broad view of the scope of discovery, and we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The HGS Parties do not argue in their brief the trial court erred when it granted Mitchell's motion for reconsideration. We, therefore, deem any arguments with respect to the provisions of the January 23, 2023 order granting reconsideration waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025); Telebright Corp., Inc. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

16