Yancoskie, et al., Appellants, *v.* Delaware River Port Authority.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis Samuel Fine,* with him *Fine, Staud, Grossman & Garfinkle,* for appellants.

*John J. O'Brien, Jr.,* with him *Elizabeth M. McKenna,* for appellee.

OPINION BY PRICE, J., June 24, 1975:

Appellants instituted an action in trespass against appellee, Delaware River Port Authority, and other named parties for the death of appellants' decedent during construction of the Chester-Bridgeport Bridge which was built under the auspices of appellee. The allegations of negligence were based on the failure of appellee and the other defendants to adhere to proper safety standards during said construction. Appellee raised the defense of sovereign immunity and moved for Judgment on the Pleadings, which was granted October 30, 1974 against appellants and all the other parties to this action.

We are again urged to abandon the doctrine of sovereign immunity, a question which has been presented on many previous appeals. All parties concede, as they must, that the present law of this Commonwealth requires we affirm. We decline to depart from the doctrine of sovereign immunity and will affirm. *Brown v. Commonwealth,* 453 Pa. 566, 305 A. 2d 868 (1973) ; *Enoch v. Food Fair Stores, Inc.,* 232 Pa. Superior Ct. 1, 331 A. 2d 912 (1974).

The judgment of the lower court is affirmed. JACOBS, J., concurs in the result.

---

CONCURRING OPINION BY HOFFMAN, J.:

We recognize that under existing law, the Delaware River Port Authority correctly invoked the defense of sovereign immunity. *Brown v. Commonwealth,* 453 Pa. 566, 305 A. 2d 868 (1973) ;[1] *Enoch v. Food Fair Stores, Inc.,* 232 Pa. Superior Ct. 1, 331 A.2d 912 (1974). Once again, however, we exhort the Supreme Court to abandon its "blind adherence to the doctrine of sovereign immunity. . . . The time is long past for this Court to join those twelve other jurisdictions which have recently abrogated the doctrine. . . . It can be said with all due respect to those who originally promulgated the rule years ago that the doctrine is 'no longer just, reasonable nor defensible' and that the 'reasons underlying the traditional wide-sweeping rule of sovereign immunity have virtually disappeared in modern society.'" *Thomas v. Baird,* 433 Pa. 482, 485-86, 252 A. 2d 653 (1969) (dissenting opinion by ROBERTS, J.; citations omitted).

CERCONE, J., joins in this concurring opinion.

---

CONCURRING OPINION BY SPAETH, J.:

I agree that the judgment of the lower court should be affirmed, but do so for the reasons expressed by Mr. Justice POMEROY, concurring in *Brown v. Commonwealth,* 453 Pa. 566, 572-77, 305 A. 2d 868, 872-74 (1973).

---

1. But see dissenting opinion by ROBERTS, J., in which NIX and MANDERINO, JJ., joined; dissenting opinion by NIX, J., in which ROBERTS and MANDERINO, JJ., joined; and dissenting opinion by MANDERINO, J.