LORRAINE YANCOSKIE, ADMINISTRATRIX OF THE ESTATE OF FRANCIS J. YANCOSKIE, *ET AL.*, PLAINTIFFS-APPELLANTS, v. DELAWARE RIVER PORT AUTHORITY, DEFENDANT-RESPONDENT.

Argued September 11, 1978—Decided November 30, 1978.

322

*Mr. Leonard R. Wizmur* argued the cause for appellants.

*Mr. Elliott Yampell* argued the cause for respondent (*Messrs. Yampell and Consentino,* attorneys).

PER CURIAM. Lorraine Yancoskie instituted this action in the Superior Court against the Delaware River Port Authority ("Authority") for monetary damages resulting from the wrongful death of her husband, Francis J. Yancoskie. She sued as administratrix of his estate, individually, and as the natural guardian of her son, Jason Yancoskie. The defendant Authority, a bi-state agency created by an interstate compact between New Jersey and Pennsylvania, claimed that it was entitled to the substantive and procedural protections of the New Jersey Tort Claims Act as a "public entity," *N. J. S. A.* 59:8–1 *et seq.* It moved for a summary judgment on the ground that the plaintiffs had failed to comply with the ninety-day notice provision of that act. *N. J. S. A.* 59:8–8. The trial court ruled that a bi-state authority did not fall within the act's definition of a "public entity," and denied the motion. The Appellate Division granted defendant's motion for leave to appeal. Reasoning that the defendant was a "public entity," the Appellate Division reversed and remanded with directions that judgment be entered in favor of the Authority since plaintiffs had not complied with the notice provisions of the

Tort Claims Act. 155 *N. J. Super.* 1 (1977). We granted certification. 75 *N. J.* 609 (1978).

The factual pattern emerging from the allegations in the complaint which were admitted on the summary judgment motion is as follows: Francis J. Yancoskie was employed on a construction project to build a bridge between Chester, Pennsylvania, and Bridgeport, New Jersey, for the Authority. On August 16, 1972 he was fatally injured when he received an electric shock and fell from the Pennsylvania side of the bridge. He was survived by his widow Lorraine and two-year-old son Jason. She was appointed administratrix of his estate by the Register of Wills of Delaware County, Pennsylvania, on August 22, 1972.

As administratrix, individually, and as natural guardian of her son, Mrs. Yancoskie instituted four separate suits for damages. One action commenced in the United States District Court for the District of New Jersey was dismissed after the Circuit Court of Appeals found the federal court lacked subject matter jurisdiction. *Yancoskie v. Delaware River Port Authority,* 528 *F.* 2d 722 (3d Cir. 1975). A second suit brought in the United States District Court for the Eastern District of Pennsylvania was voluntarily dismissed. In a third action in the Court of Common Pleas in Delaware County, judgment was entered in favor of the Authority on the ground that under Pennsylvania law it was immune from suit. *Yancoskie v. Pavlo Eng'r Co.,* 62 *Del. Co.* 294 (C. P. 1975). This determination, affirmed in the Superior Court, 235 *Pa. Super.* 263, 340 *A.* 2d 533 (1975), has recently been reversed by the Pennsylvania Supreme Court, 478 *Pa.* 396, 387 *A.* 2d 41 (1978), and the matter is presently awaiting trial. As of today there are two viable actions, the one in Pennsylvania and this suit.

We believe as a matter of comity that the matter should presently proceed solely in Pennsylvania. The plaintiffs are Pennsylvania residents. The accident occurred on the Pennsylvania side of the river. Mrs. Yancoskie has

been appointed as administratrix of her husband's estate in Pennsylvania and, in that capacity, she is prosecuting this action for a wrongful death arising under the Pennsylvania statute. *Pa. Stat. Ann.* tit. 12, §§ 1601–1604 (Purdon 1953), now codified at 42 Pa. Cons. Stat. Ann. §§ 5524(2), 8301 (Purdon 1978). This action was commenced on June 18, 1974, whereas the Pennsylvania suit was started in 1973. Under all these circumstances, our proper course under comity principles is not to exercise jurisdiction but to adhere to the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities. *Fantony v. Fantony,* 21 *N. J.* 525, 533 (1956). *Cf. Interstate Wrecking Co. v. Palisades Interstate Park Comm'n,* 57 *N. J.* 342, 350–353 (1971). Accordingly, we shall affirm dismissal of this suit. However, our affirmance of the judgment of dismissal is not to be construed as an approval of the Appellate Division opinion that the Authority is a "public entity" as defined in the New Jersey Tort Claims Act. If the Pennsylvania action is not adjudicated on the merits, the plaintiffs will have leave to petition to reopen our present determination.

Affirmed.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For reversal*—None.