**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2019-18T3

ANGELA RUSSELLO,

     Plaintiff-Appellant,

v.

CARMELO RUSSELLO,

     Defendant-Respondent.

_____

Submitted March 3, 2020 – Decided May 8, 2020

Before Judges Accurso, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1479-18.

Ross & Calandrillo, LLC, attorneys for appellant (Elizabeth Calandrillo, of counsel and on the briefs).

Cadicina Law, LLC, attorneys for respondent (Joseph Peter Cadicina, of counsel; Carly DiFrancisco, on the brief).

PER CURIAM

Plaintiff, Angela Russello, appeals from a November 30, 2018 order dismissing without prejudice her complaint for divorce because defendant, Carmelo Russello, had previously filed an action for separation in an Italian court. The family court reasoned that under principles of comity, the New Jersey action should be dismissed because the Italian action was filed first. There were, however, disputed factual issues concerning the filing of the Italian action. Moreover, following the dismissal of the New Jersey action, the Italian court issued a final decision in the separation action, but it did not resolve any issues related to equitable distribution. Consequently, we reverse the order dismissing the action and remand for a plenary hearing.

I.

We discern the facts from the record developed on the motion to dismiss. We also consider the final decision in the separation action issued by the Italian court after the dismissal of the New Jersey action because we granted defendant's motion to supplement the record to include that decision. The certifications submitted by the parties in support of and in opposition to the motion to dismiss reflect that some facts are undisputed, but others are contested.

A-2019-18T3

Both parties were born in Italy. In August 1975, they were married in Gela, Italy. In May 1974, a year before the marriage, defendant became a citizen of the United States of America. Shortly after their marriage, the parties moved to the United States, where they lived together for the next forty years. Plaintiff became a citizen of the United States of America in June 1980.

The parties have three children, all of whom were born in the United States and all of whom are now emancipated. When the parties initially moved to the United States, they lived in New York State. In 2006, they moved to New Jersey and purchased a home in Manalapan. Defendant contends that the house in Manalapan belongs to him because the parties had divided the proceeds from their prior home in New York State and the Manalapan house was purchased with his share of those proceeds. Plaintiff disputes that position.

In June 2015, the parties traveled together to Italy. While in Italy they had a dispute and defendant returned to New Jersey, while plaintiff remained in Italy. Plaintiff contends that defendant was verbally and physically abusive of her and essentially left her stranded in Italy. Defendant, by contrast, asserts that plaintiff abandoned their marriage and decided to remain in Italy while he returned to New Jersey.

A-2019-18T3

In September 2016, an application for a "legal separation by mutual consent" was filed in Italy. While the signatures of both parties appear on that document, plaintiff contends that she was coerced into signing the application. Nevertheless, because the parties could not agree on terms for their separation, on September 18, 2017, the mutual consent application was dismissed as "abandoned" by the Italian court.[1]

Shortly thereafter, on September 22, 2017, defendant filed an application for non-consensual separation in Italy. That application sought a declaration that the parties were separated and requested that the marital home be distributed to defendant. The application did not address any support for plaintiff or any distribution of assets to plaintiff.

Defendant states that under Italian law married couples must first file for separation and be judicially declared separated for a period before either party can file for divorce. Defendant also states that following a judicial separation, Italian law does not require the parties to proceed to file for divorce.

In October 2017, plaintiff returned to the United States and began living in New York with one of her sons. Plaintiff also retained an Italian lawyer and

---

[1] The parties have provided us with copies of the decisions and orders by the Italian court together with translations. For purposes of this appeal, we accept that the translations are accurate since neither party disputes the accuracy.

A-2019-18T3

filed a series of applications to dismiss the non-consensual separation action, contending that the Italian court lacked jurisdiction over the matter. Plaintiff's filings included an alternative request for support, seeking essentially fifty percent of all marital assets.

In November 2017, the Italian court denied plaintiff's challenge and found that it had jurisdiction because the parties were Italian citizens and had been married in Italy. The court also noted that both parties were represented by attorneys in the Italian court. Plaintiff, however, continued to dispute jurisdiction, and filed documents contending that both parties had lost their Italian citizenship when they became citizens of the United States.

Following a further hearing in October 2018, the Italian court found that it still had jurisdiction because the parties had been married in Italy. The order issued by the Italian court also stated that it would apply New Jersey law to the parties' "[l]egal separation and marriage dissolution," except where New Jersey law was silent, and then it would apply Italian law.

In the meantime, in May 2018, plaintiff filed this action for divorce in the Superior Court of New Jersey. Plaintiff's complaint alleged extreme cruelty as the grounds for divorce. She sought alimony and equitable distribution. Defendant responded with a motion to dismiss, contending that the New Jersey

A-2019-18T3

action should be stayed or dismissed because the Italian action had been the first action filed.

Without hearing oral argument or conducting a hearing, the family court dismissed plaintiff's complaint without prejudice in an order entered on November 30, 2018. The court set forth the reasons for its decision in its order. While recognizing that the parties disputed numerous facts, the court reasoned that the material facts relevant to the principle of comity were not in dispute. In that regard, the court found that the Italian separation action had been filed in September 2017, before plaintiff filed her action for divorce in New Jersey in May 2018. The court also found that the two actions sought substantially similar relief. Furthermore, the family court found that the Italian court could provide plaintiff with adequate relief and if it did not, plaintiff could re-file her action in New Jersey. Finally, the court reasoned that plaintiff had shown no special equities for allowing the New Jersey action to proceed while the Italian action was also proceeding.

Plaintiff appealed from the order dismissing her complaint without prejudice. On May 14, 2019, the Italian court issued a final ruling in the separation action. Thereafter, we granted plaintiff's motion to supplement the record on this appeal with that order. Among other things, the Italian court ruled

A-2019-18T3

that (1) it could not combine the separation action with a divorce action because they were "independent and separate" actions; (2) defendant was to pay plaintiff $1400 per month for "support"; (3) it could not rule on defendant's request to distribute the marital home located in Manalapan, New Jersey; and (4) defendant's request for a division of "joint property" could not be "drawn up in the [Italian] separation judgment."

## II.

On appeal, plaintiff contends that the family court erred in: (1) failing to appreciate that an action for separation in Italy is a separate action from an action for divorce; (2) assuming that Italian law would provide substantially the same relief as a New Jersey divorce action; (3) not conducting a plenary hearing to resolve material fact disputes; and (4) acting arbitrarily and capriciously. Having reviewed the record in light of the law, we reverse the order of dismissal and remand for a plenary hearing.

The dismissal of the New Jersey action was based on principles of comity. New Jersey recognizes "the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities." Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 386 (2008) (quoting Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978)). "Under the first-filed rule, a New

Jersey state court ordinarily will stay or dismiss a civil action in deference to an already pending, substantially similar lawsuit in another state, unless compelling reasons dictate that it retain jurisdiction." Ibid. (citing O'Loughlin v. O'Loughlin, 6 N.J. 170, 179 (1951)).

The doctrine of judicial comity is applicable to judicial proceedings in foreign countries. Exxon Res. & Eng'g Co. v. Indus. Risk Ins'rs., 341 N.J. Super. 489, 503 (App. Div. 2001). Indeed, New Jersey has applied comity principles to determine whether courts in New Jersey should defer to actions involving divorce or child custody filed in a foreign country. See, e.g., Fantony v. Fantony, 21 N.J. 525, 533 (1956); Sajjad v. Cheema, 428 N.J. Super. 160, 179 (App. Div. 2012); Innes v. Carrascosa, 391 N.J. Super. 453, 490-93 (App. Div. 2007).

The first-filed rule is not an absolute rule; rather, the inquiry is whether the court in the second action should restrain itself and not exercise its judicial power. Sensient Colors, 193 N.J. at 386-87. In other words, the second court has jurisdiction and must determine whether exercising that jurisdiction would interfere with the proceedings in the foreign jurisdiction and waste judicial resources. Id. at 387. Accordingly, a court must determine whether "the foreign

court had jurisdiction of the subject matter" and whether "the foreign judgement will not offend the public policy of [New Jersey]." Fantony, 21 N.J. at 533.

To stay or dismiss a New Jersey action on the basis of comity, the moving party must show that (1) there is an earlier-filed action; (2) the prior action involves substantially the same parties, the same claims, and the same legal issues as the second-filed action; and (3) the plaintiff in the second-filed action will have the opportunity for adequate relief in the first action. Sensient Colors, 193 N.J. at 390-91 (citing Am. Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 37 (App. Div. 1995)).

If the party seeking relief satisfies those prerequisites, then the burden shifts to the other party, which must demonstrate special equities that weigh in favor of retention of jurisdiction by the court in the second-filed action. Ibid. Special equities can exist under a variety of circumstances, including (1) when one party has engaged in forum shopping to deny the other party the benefit of its natural forum; (2) when a party has, in bad-faith, first-filed in anticipation of an immediate suit in another forum; (3) when the second action implicates significant state interests so that deference to another forum "would contravene the public or judicial policy"; and (4) when proceeding with the first-filed action

would cause great hardship or inconvenience to one party, and no unfairness would result to the opposing party. Id. at 387-89.

The decision to grant a comity dismissal or stay is within the discretion of the trial court. In exercising that discretion, however, the court needs to determine if there are disputes of material fact and if those disputes need to be resolved at an evidentiary hearing. See Sajjad, 428 N.J. Super. at 183. Moreover, if the trial court makes its ruling on a motion to dismiss, or by considering materials outside the pleading that convert it into a motion for summary judgement, then we conduct a de novo review using the same standard as the trial court. See Am. Humanist Ass'n v. Matawan-Aberdeen Reg'l Sch. Dist., 440 N.J. Super. 582, 588-89 (App. Div. 2015); R. 4:46-2(c).

Accordingly, we must determine whether the competent evidence submitted by the parties demonstrates that there are genuine issues of material fact, and if not, whether the moving party is entitled to summary judgement as a matter of law. We review legal issues de novo and we apply the same standard when reviewing established facts applied to a question of law. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010) (quoting Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995)).

A-2019-18T3

Applying these standards to the record before us, we conclude that there are disputed facts that need to be resolved at a plenary hearing. First, and foremost, among those disputes is the trial court's determination of whether the Italian separation action involves substantially the same claims as the action filed in New Jersey and whether plaintiff will have the opportunity for adequate relief in the Italian separation action. These disputes go to the second and third prongs of the Sensient Colors test.

The record establishes that the Italian separation action was filed before the New Jersey divorce action. We clarify, however, that the only relevant action was the non-consensual separation action filed by defendant in September 2017. The first action was dismissed as abandoned and therefore that first action was not pending when the divorce action was filed, nor did that action establish any judicial ruling.

The current record does not establish that the Italian separation action involves the same legal issues as a divorce action in New Jersey. Moreover, the Italian separation action expressly did not grant plaintiff any equitable distribution relief. The Italian law cited by the parties suggests that a separation action is a separate and distinct proceeding from a divorce action. Indeed, defendant conceded that point and noted that the parties must first be granted a

judicial separation and wait for a period of time before he can file a separate divorce action. That point of law was clarified by the Italian court itself. In issuing its final order in the separation action, the Italian court noted that the question of equitable distribution needed to be handled in a "separate" and "independent" action.

At the plenary hearing, the family court needs to determine whether a separate action for divorce has or has not been filed in Italy. In that regard, the family court needs to determine what was the scope of relief granted in the separation action, whether that separation action is now completed, if defendant has filed a divorce action, and if so, when that divorce action was filed. If the Italian separation action is now over and no divorce action has been filed, or if the divorce action in Italy was filed after May 2018, then plaintiff would be entitled to proceed to address equitable distribution issues in New Jersey. Under those circumstances, the court will also need to make a fact finding as to whether the award of support in the amount of $1400 per month by the Italian court was meant as a final and permanent award or an interim award that could be adjusted in the divorce proceedings.

The family court also needs to resolve disputed issues that go to the special equities of whether it should retain jurisdiction. In their certifications, plaintiff

12

and defendant dispute the circumstances of their separation in Italy and why a separation action was filed in Italy. Those questions go to whether defendant engaged in jurisdictional shopping to prevent plaintiff from seeking a divorce in New Jersey.

In addition, the family court needs to determine the factual issues concerning the benefits and burdens of proceeding in New Jersey versus Italy. If the Italian court has not made any determinations on equitable distribution, one of the special equity considerations is hardship or inconvenience to plaintiff to proceed in Italy and whether there would be any unfairness to defendant to address the issues in New Jersey. Here again, the parties dispute the facts concerning that consideration. Defendant suggests that plaintiff may only be residing in the United States temporarily and may return to Italy. If the court found that both parties are now back in the United States, that would be a significant equitable consideration given that it is undisputed that all the assets to be distributed are in the United States.

In short, we reverse the order dismissing plaintiff's complaint for divorce and remand with instructions that the family court conduct a plenary hearing. The court can use its discretion in determining what, if any, discovery needs to be afforded to the parties before the hearing. The court will also have discretion

to appropriately define and limit the issues to be addressed at the plenary hearing, with a focus on the principles of comity and the factors and special equities identified in <u>Sensient Colors</u>.

Reversed and remanded for a plenary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2019-18T3