**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0355-20

AMERICAN FIRST FEDERAL,
INC.,

      Plaintiff-Appellant/
Cross-Respondent,

v.

MARIO RAMON FUENTES, as
executor of the estate of
EDELBERTO TRUJILLO,
and NECTALIER GONZALEZ,

      Defendants-Respondents/
Cross-Appellants.

_____

Submitted May 5, 2021 – Decided June 15, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1325-20.

McAndrew Vuotto, LLC, attorneys for appellant/cross-respondent (Jonathan P. Vuotto, on the briefs).

Jay J. Freireich, attorney for respondent/cross-appellant Mario Ramon Fuentes.

Craig H. Rothenberg, attorney for respondent/cross-appellant Nectalier Gonzalez.

PER CURIAM

Plaintiff American First Federal, Inc. (the Bank) entered into a December 29, 2008 "stipulation and agreed order" in a Florida mortgage foreclosure action with defendants Nectalier Gonzalez and the late Edelberto Trujillo, among others. Trujillo and Gonzalez (we refer to Trujillo's estate and Gonzalez collectively as defendants) personally guaranteed the underlying $2,600,000 commercial loan. The stipulation, as the Law Division judge described it, was essentially a forbearance agreement—calling for entry of a final judgment of foreclosure against the commercial real estate only if defendants "fail[ed] to perform any act or make payment in the full amount . . . ." The Bank proceeded to obtain a final judgment of foreclosure following "default under the stipulation," but did not sell the property. Trujillo died in 2018. The Bank commenced a separate action in New Jersey against Gonzalez and the estate of Trujillo, seeking to collect the amount due pursuant to the promissory note, or $6,921,923.83. Initially, the court dismissed the Bank's complaint with prejudice on defendants' motion. On reconsideration, the judge on September

2

11, 2020, modified the dismissal to one without prejudice. We affirm principally for the reasons stated by the judge.

The judge reasoned that New Jersey lacked jurisdiction to enforce the Bank's guarantees against defendants because the Florida court had specifically retained the authority to, without limitation, enter orders including writs of possession and deficiency judgments. The Florida proceedings on defendants' personal guarantees were the first-filed pleadings, and no compelling reason existed for the same relief to be sought by way of complaint in New Jersey. Addressing the Bank's concern that equity required the New Jersey courts to take jurisdiction to avoid any compromise of the Bank's claims against the estate, the judge noted it was the Bank's failure to act for years after foreclosure that resulted in that potential and dismissed the matter with prejudice.

On the Bank's motion for reconsideration, the judge analyzed the nature of a dismissal with and without prejudice through the prism of Exxon Research & Engineering Co. v. Industrial Risk Insurers, 341 N.J. Super. 489 (App. Div. 2001). Since he had dismissed the complaint for comity reasons, not on the merits, he therefore made the dismissal without prejudice.

Now on appeal, the Bank raises the following points:

POINT I

THE [TRIAL] COURT HAS JURISDICTION OVER THE GUARANTEE CLAIMS.

POINT II

ALTERNATIVELY, A STAY IS WARRANTED.

Defendants assert the following errors on their cross-appeal:

POINT I

LACK OF JURISDICTION.

POINT II

THE DOCTRINE OF MERGER PRECLUDES THIS SUIT ON THE NOTE AND GUARANT[EE].

POINT III

ONCE JUDGMENT OF FORECLOSURE IS ENTERED, NO DEFICIENCY SUIT MAY BE BROUGHT (ANYWHERE) UNTIL AFTER THE UNDERLYING PROPERTY IS SOLD.

POINT IV

WHERE THE VALUE OF THE UNDERLYING PROPERTY IS AT LEAST EQUAL TO THE DEFICIENCY PER THE JUDGMENT, NO DEFICIENCY SUIT MAY BE BROUGHT (ANYWHERE).

POINT V

THE DELAY IN SELLING THE PROPERTY MAKES
IT NOW TOO LATE.

POINT VI

DISMISSAL SHOULD HAVE BEEN WITH
PREJUDICE.

POINT VII

STAY NOT WARRANTED.

"The determination of whether to grant a comity stay or dismissal is generally within the discretion of the trial court."  Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 390 (2008).  A trial court abuses its discretion when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir.1985)).

As explained in Sensient Colors, the first-filed rule to which New Jersey adheres is applicable "in the absence of special equities."  Sensient Colors, 193 N.J. at 386 (quoting Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978)).  Our courts ordinarily stay or dismiss a civil action in deference to substantially similar proceedings pending in other jurisdictions.  Ibid.  Although

not an inflexible doctrine, in order to avoid its application, special equities must be found that "are reasons of a compelling nature that favor the retention of jurisdiction by the court in the later-filed action." Id. at 387.

The Bank has not established any such equities. The action was filed in Florida, also the location of the real estate and the court in which the stipulation was entered. The Florida court explicitly retained jurisdiction. The guarantors were named in that action as they are in this. The Bank continues to have the opportunity to obtain relief from the Florida court. Certainly, Trujillo's death and the formation of his estate may result in a different proceeding than would have been the case if the action was brought during Trujillo's lifetime—but as the judge pointed out, eleven years have passed and the Bank has not yet chosen to obtain a deficiency judgment. Had that been the case, the Bank could have merely registered the judgment in New Jersey. N.J.S.A. 2A:49A-27. Thus the Bank has not established any special equities and suffers no hardship or inconvenience in pursuing the Florida litigation, nor is there unfairness to the Bank by compelling it to do so. See Sensient Colors, 193 N.J. at 389. No injustice would be perpetrated on any party that would warrant an exception to the first-filed rule here. See ibid.

We note the Bank contends that <u>Light v. Granatell</u>, 171 N.J. Super. 557 (App. Div. 1979), authorizes enforcement of the judgment here. In that readily distinguishable case, however, the plaintiff's lien had been extinguished by a senior lien foreclosure. This record is devoid of any similar unique consideration.

Nor did the court abuse its discretion in dismissing the case instead of staying it. Defendants did not demonstrate any special equities which warranted a stay. <u>See</u> <u>Innes v. Carrascosa</u>, 391 N.J. Super. 453, 492 (App. Div. 2007). That the Bank did not pursue the matter for eleven years does not make dismissal without prejudice inequitable.

Defendants' argument that no reconsideration should have been granted does not warrant much discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). The court explicitly stated it dismissed the matter not on the merits, but purely on comity grounds, as the Florida proceedings were first filed. Hence it was proper to make the dismissal, which was procedural and not substantive in nature, without prejudice. <u>See</u> <u>Exxon</u>, 341 N.J. Super. at 519. Any other argument not explicitly addressed by this opinion does not warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7