NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1565-24

GENE VAN DEN ENDE,

    Plaintiff-Appellant,

v.

CROFTON PHILIP
REYNOLDS,

    Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
> **November 3, 2025**
> **APPELLATE DIVISION**

Submitted October 15, 2025 – Decided November 3, 2025

Before Judges Gilson, Firko, and Perez Friscia.

On appeal from an interlocutory order of the Superior
Court of New Jersey, Chancery Division, Family Part,
Morris County, Docket No. FM-14-0570-22.

SeidenFreed LLC, attorneys for appellant (Christine
C. Fitzgerald, of counsel and on the brief; Victoria D.
Miranda and Sheryl J. Seiden, on the brief).

Respondent has not filed a brief.

The opinion of the court was delivered by

FIRKO, J.A.D.

On leave granted in this divorce matter, plaintiff Gene Van Den Ende

appeals from certain provisions of a July 19, 2024 Family Part order, which

granted defendant Crofton P. Reynolds's cross-motion to dismiss paragraph nine of plaintiff's complaint seeking equitable distribution, to limit discovery, and to extend comity to South Africa for the adjudication of the parties' Antenuptial Agreement (the Agreement). Plaintiff also appeals from a December 20, 2024 order denying reconsideration of these rulings.

The judge reasoned that under the principles of comity and forum non conveniens, plaintiff's claim for equitable distribution in the New Jersey divorce action should be dismissed because an action was filed in South Africa first, and the shareholder records for the two companies at issue, Northern Wholesale Tiles and Reynolds Prop Investments, are located in South Africa. The judge also held the choice of law provision specified in the Agreement— the accrual method[1]—was the common law in South Africa.

However, there are disputed factual issues concerning the filing of the South African action and whether plaintiff is subject to personal jurisdiction in

---

[1] South Africa uses the accrual system upon dissolution of a marriage, where there is a potential right to payment, but not the transfer of assets. See Matrimonial Property Act 88 of 1984 § 3 (S. Afr.). Under the accrual system, "the spouse whose estate shows no accrual or a smaller accrual than the estate of the other spouse, or his [or her] estate if he [or she] is deceased, acquires a claim against the other spouse or his [or her] estate for an amount equal to half of the difference between the accrual of the respective estates of the spouses." Id. § 3(1). "The accrual of the estate of a spouse is the amount by which the net value of his [or her] estate at the dissolution of his [or her] marriage exceeds the net value of his [or her] estate at the commencement of that marriage." Id. § 4(1)(a).

South Africa. Consequently, we vacate the provisions of the July 19, 2024 order addressing equitable distribution and the December 20, 2024 order denying reconsideration. We remand for a plenary hearing.

I.

We discern the facts from the record developed on plaintiff's motion to hold defendant in default for noncompliance with discovery demands and defendant's cross-motion to dismiss plaintiff's claims regarding equitable distribution of marital property located in South Africa and to extend comity to South Africa for the enforcement of the Agreement. The certifications submitted by the parties in support of and in opposition to the motion reflect that some facts are undisputed, but other facts are contested.

Both parties were born in South Africa. On April 2, 2009, the parties entered into the Agreement in South Africa. The Agreement provided that in the event of a divorce, the parties' marital estate would be divided using the accrual system provided in South African statutes. The Agreement has no provisions regarding child support and alimony. There is no choice of forum stated in the Agreement. The parties were married two days later on April 4, 2009, in South Africa. The parties have a child who was born in South Africa in March 2015.

3

In August 2017, plaintiff claims the parties agreed to relocate to New Jersey when she was offered a job. After plaintiff accepted the job, she alleges defendant told her he could not move for eighteen months without having to repay his sign-on bonus. Therefore, plaintiff and the child moved to New Jersey, with the plan that defendant would join them after he completed his employment duties. According to plaintiff, defendant engaged in extramarital affairs in South Africa and never relocated to New Jersey.

On November 30, 2021, plaintiff filed a divorce complaint in the Morris County Family Part alleging irreconcilable differences. In her complaint, plaintiff sought custody of the child, child support, life insurance coverage, alimony, and equitable distribution of the parties' assets, including those located in South Africa, the United Kingdom, Europe, and offshore accounts. The complaint acknowledged the parties entered into the Agreement in South Africa but alleged it was invalid. In the alternative, if the Agreement was deemed to be valid, plaintiff sought a "tax-free" lump sum payment from defendant, which she claimed she was entitled to under the Agreement.

On September 23, 2022, defendant filed an answer and counterclaim for divorce. Defendant resides in Johannesburg, South Africa, but agreed that New Jersey had jurisdiction over the dissolution of the marriage, custody issues, child support, and alimony. However, defendant asserted that South

4

Africa—not New Jersey—had jurisdiction over the distribution of marital property pursuant to the Agreement. In his counterclaim, defendant sought, among other things, alimony from plaintiff.

The litigation was delayed because the parties could not reach a consensus on the scope of discovery. Defendant failed to file a case information statement or provide financial documentation regarding his assets and income. After the matter had been pending for two years, plaintiff filed a motion to hold defendant in default for noncompliance. Plaintiff took particular issue concerning defendant's failure to produce financial documents necessary to evaluate defendant's South African companies. In opposition, defendant denied plaintiff's allegations and maintained that the discovery plaintiff sought is subject to the exclusive jurisdiction of South Africa and would involve third-party witnesses located there.

Unbeknownst to plaintiff, on February 23, 2024, defendant filed an edictal citation with the registrar of the Johannesburg High Court of South Africa seeking a declaratory judgment, without a claim for divorce, to enforce the validity of the Agreement.[2] Defendant sought to enforce the Agreement in South Africa because he claimed it was properly registered under South

---

[2] The matter was captioned "In the Matter Between Crofton Philip Reynolds and Gene Van Den Ende, case number 2024-020149."

African law. Defendant maintained that South Africa had jurisdiction over the division of the marital property and plaintiff's discovery demands. Defendant also sought to have the property distributed pursuant to the accrual method provided for in the Agreement rather than the laws of equitable distribution in New Jersey.

On March 6, 2024, defendant filed a notice of cross-motion seeking to dismiss plaintiff's motion, for an order finding lack of subject matter jurisdiction over marital distribution of property in New Jersey, extending comity to South Africa, limiting discovery, and other issues not challenged on this appeal.

On April 26, 2024, the judge held oral argument on the motions and reserved decision. On May 17, 2024, before the judge rendered her decision, defendant withdrew his edictal citation and intendit in South Africa and notified the judge on May 29, 2024. Subsequently, in South Africa, defendant filed a request for leave to sue for a temporary division of assets without requesting a divorce.

On July 19, 2024, the judge issued an order accompanied by a written statement of reasons. Relevant here, the judge essentially denied plaintiff's motion seeking discovery, limited defendant's discovery obligations, and

granted defendant's cross-motion to dismiss plaintiff's claims for division of marital assets located in South Africa.

The judge determined that by registering the Agreement in South Africa "the parties voluntarily conferred subject matter jurisdiction over the validity of the . . . Agreement, the valuation and distribution of marital property, and the application of law to the competent court in South Africa." The judge found New Jersey lacked subject matter jurisdiction over the South African assets, comity applied to the "prior" South African legal proceedings, and forum non conveniens dictated South Africa was the appropriate forum to resolve the parties' equitable distribution claims.

On August 8, 2024, plaintiff moved for reconsideration. In support of her motion, plaintiff provided an expert report from Amanda Tracey Dicker, a member of the Cape Bar in South Africa. Dicker opined that plaintiff lacked the ability to seek relief in South Africa. Dicker claimed the proceeding filed in South Africa was procedurally deficient because South Africa had not acquired personal jurisdiction over plaintiff,[3] and therefore could not effectuate a marital distribution of assets. Dicker pointed out that defendant's

---

[3] In her report, Dicker cited to Rule 5(1) of the Uniform Rules of Courts in South Africa, which states that "a person instituting proceedings which have to be served outside of the Republic of South Africa must first bring an application to obtain leave to sue by edict."

request was not for a divorce but for leave to sue for a temporary division of property in the case of an "urgent issue," but he failed to allege any urgent issue. Plaintiff argued Dicker's expert opinion contradicted the assertions made by defendant and his attorney. No divorce action has ever been instituted in South Africa. The record shows defendant's counsel acknowledged defendant did not "file . . . an application for the distribution of matrimonial property" in South Africa.

On December 20, 2024, the judge denied plaintiff's motion for reconsideration. In an oral opinion, the judge determined that issues involving the Agreement and equitable distribution "are better handled in a South African court until such time . . . the South African court confirms . . . [it] will not take any future action on it." A memorializing order was entered. This appeal followed.

On appeal, plaintiff raises the following arguments for our consideration:

> (1) the judge erred in separating the division of marital assets located in South Africa from other issues arising in this matrimonial matter;
>
> (2) the judge erred in concluding comity required deferral to allow an action to proceed in South Africa;
>
> (3) the judge erred in transferring jurisdiction to South Africa without a plenary hearing; and
>
> (4) the judge erred in denying plaintiff's request to compel discovery.

8

## II.

New Jersey recognizes "the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities." Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 386 (2008) (quoting Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978)). "Under the first-filed rule, a New Jersey state court ordinarily will stay or dismiss a civil action in deference to an already pending, substantially similar lawsuit in another state, unless compelling reasons dictate that it retain jurisdiction." Ibid. (citing O'Loughlin v. O'Loughlin, 6 N.J. 170, 179 (1951)).

The doctrine of judicial comity is applicable to judicial proceedings in foreign countries. Exxon Rsch. & Eng'g Co. v. Indus. Risk Insurers, 341 N.J. Super. 489, 503 (App. Div. 2001). Indeed, New Jersey has applied comity principles to determine whether courts in New Jersey should defer to actions involving divorce or child custody filed in a foreign country. See, e.g., Fantony v. Fantony, 21 N.J. 525, 533 (1956); Sajjad v. Cheema, 428 N.J. Super. 160, 179-82 (App. Div. 2012); Innes v. Carrascosa, 391 N.J. Super. 453, 490-93 (App. Div. 2007).

The first-filed rule is not an absolute rule; rather, the inquiry is whether the court in the second action should restrain itself and not exercise its judicial power. Sensient Colors, 193 N.J. at 386-87. In other words, the second court

9

has jurisdiction and must determine whether exercising that jurisdiction would interfere with the proceedings in the foreign jurisdiction and waste judicial resources.  Id. at 387.  Accordingly, a court must determine whether "the foreign court had jurisdiction of the subject matter" and whether "the foreign judgment will not offend the public policy of [New Jersey]."  Fantony, 21 N.J. at 533.

To stay or dismiss a New Jersey action on the basis of comity, the moving party must show that (1) there is an earlier-filed action in another jurisdiction; (2) the prior action involves "substantially the same parties, the same claims, and the same legal issues" as the second-filed action; and (3) the plaintiff in the second-filed action "will have the opportunity for adequate relief" in the first action.  Sensient Colors, 193 N.J. at 390 (citing Am. Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 37 (App. Div. 1995)).

If the party seeking relief "satisfies those prerequisites, then the burden shifts to the other party, [who] must demonstrate special equities" that weigh in favor of retention of jurisdiction by the court in the second-filed action.  Id. at 390-91.  Special equities can exist under a variety of circumstances, including (1) "when one party has engaged in [forum] shopping to deny the other party the benefit of its natural forum"; (2) when a party has, in bad-faith, first-filed in anticipation of an immediate suit in another forum; (3) when the

second action implicates significant state interests so that deference to another forum "would contravene the public or judicial policy"; and (4) when proceeding with the first-filed action "would cause great hardship and inconvenience to one party," and no unfairness would result to the opposing party. Id. at 387-89.

The decision to grant a comity dismissal or stay is within the discretion of the trial court. Id. at 390. In exercising that discretion, however, the court must determine if there are disputed issues of material facts and if those disputes need to be resolved at an evidentiary hearing. See Sajjad, 428 N.J. Super. at 183. Moreover, if the trial court makes its ruling on a motion to dismiss, or by considering materials outside the pleading that convert it into a motion for summary judgment, then we conduct a de novo review using the same standard as the trial court. See Am. Humanist Ass'n v. Matawan-Aberdeen Reg'l Sch. Dist., 440 N.J. Super. 582, 588-89 (Law Div. 2015); see also R. 4:46-2(c).

Applying these standards to the record before us, we conclude there are disputed facts that need to be resolved at a plenary hearing. First, and foremost, is whether an action is pending in South Africa to which comity would apply. Second, if there is a South African action pending, whether it involves substantially the same equitable distribution claims as the action filed

11

in New Jersey and whether plaintiff will have the opportunity for adequate relief in the South African action. These disputes go to the second and third prongs of the Sensient Colors test.

The record establishes that the New Jersey divorce action is the only divorce action ever filed. It is undisputed that the action defendant filed in South Africa was not a divorce proceeding. At best, it was a proceeding to allow for a temporary division of property in the face of an urgent issue, which has not been adjudicated.

Third, the judge failed to consider whether South Africa can exercise jurisdiction over plaintiff, who has been living in New Jersey for more than seven years with the child. Fourth, the judge also failed to rule on the issue of jurisdiction and equitable distribution of property owned by the parties outside of South Africa.

At the plenary hearing, the judge must hear expert testimony and resolve these factual disputes on whether South Africa exclusively has jurisdiction over the division of assets located in South Africa and elsewhere. The judge must consider the fact that no action for divorce or equitable distribution of all property was filed or is pending in South Africa.

The judge must also make a factual finding as to whether plaintiff's discovery demands and requests for financial information from defendant can

12

be produced without the need for third-party involvement in South Africa as defendant claims. We note defendant has ownership interests in and is the director of the two businesses located in South Africa. The judge noted the records "cannot be easily accessed or compelled through process in this country." The judge did not make specific findings of fact or conclusions of law on this issue.

The judge shall consider these issues anew on remand and make the requisite findings of fact and conclusions of law. We stress that defendant has submitted to the jurisdiction of this State. Child support and alimony are sought by both parties in New Jersey. The judge will require defendant's financial information to adjudicate the child support and alimony claims separate and apart from any equitable distribution claims. Moreover, the judge will need to consider defendant's income stream from his two businesses in South Africa, as well as any salary and benefits derived from his businesses, to calculate child support and rule on alimony.

In short, we reverse the portion of the July 19, 2024 order which dismissed paragraph nine of the complaint concerning equitable distribution claims and the December 20, 2024 order denying plaintiff's motion for reconsideration. We remand with instructions that the judge conduct a plenary

13

hearing. The judge may use her discretion in determining what, if any, discovery needs to be afforded to the parties before the hearing.

Reversed and remanded for a plenary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1565-24