**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1496-24

AARON MITCHELL,

     Plaintiff-Appellant,

v.

TOWNSHIP OF WILLINGBORO,
and TOWNSHIP OF
WILLINGBORO ZONING
BOARD OF ADJUSTMENT,

     Defendants-Respondents.

_____

Argued December 4, 2025 – Decided February 24, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2063-24.

Talbot B. Kramer, Jr. argued the cause for appellant (Freidel & Kramer, PC, attorneys; Talbot B. Kramer, Jr., on the briefs).

Eric J. Riso argued the cause for respondents (Zeller & Wieliczko, LLP, attorneys; Eric J. Riso, on the brief).

PER CURIAM

Plaintiff Aaron Mitchell appeals from an order entered by the Law Division on December 12, 2024, which dismissed his complaint in lieu of prerogative writs against the Township of Willingboro Zoning Board of Adjustment (Board) and the Township of Willingboro (Township) (collectively, the Township defendants). The trial court determined Mitchell's complaint, which challenged the Board's October 5, 2022 decision, was precluded by the first-filed doctrine because a federal complaint based on the same set of facts had already been filed. Additionally, the court held the complaint was barred under Rule 4:69-6(b)(3), as Mitchell filed his complaint more than forty-five days after receiving notice of the Board's decision—both via email and publication in the local newspaper. We affirm the trial court's decision.

## I.

We briefly summarize the relevant facts and procedural history. Mitchell and his wife are the owners of a single-family residence in the R-2 residential zoning district in Willingboro. His residence is a "relatively" small, single-story ranch without a basement and with a small garage that is insufficient for storing his outdoor lawn equipment, vehicles, and a water treadmill used for therapeutic purposes. Mitchell is a disabled veteran who suffers from spinal impairments that cause pain, weakness, numbness, and significant difficulty with walking

A-1496-24

and movement. As a result of these disabilities, he requires the use of mobility aids including a cane, walkers, and, at times, a wheelchair.

In 2017, Mitchell submitted a use variance application to the Board to construct a larger accessory unit on his property to store materials, as he intended to use his garage for parking. He stated he required additional space to safely enter and exit his vehicles when using a mobility device. However, he later withdrew the application.

In April 2022, Mitchell submitted a new use variance application for the accessory structure. Following a Board hearing, on May 4, 2022, the Board denied Mitchell's application.

Mitchell submitted a third application in August 2022 to construct an approximately 870 square foot detached accessory structure in the northwesterly corner of his lot. This new application was more detailed and provided additional information regarding Mitchell's disability and the necessity for the two bulk variances pursuant to N.J.S.A. 40:55D-70(c)(2): one to permit construction of the detached accessory structure exceeding 200 feet, and another to allow impervious lot coverage of 39.86%, which exceeded the maximum allowed coverage of 35%. Mitchell published notice of the hearing in the local newspaper and sent notices to the neighboring property owners.

On September 29, 2022, the Board notified Mitchell the hearing would be held via Zoom on October 5, 2022. Mitchell, however, contended the Board did not publish notice in the local newspaper, nor did it notify the property owners regarding the change in the format of the meeting. After the October 5 hearing, the Board again denied Mitchell's application. Pursuant to Rule 2:6-2, Mitchell's appendix does not include a copy of the transcript of the Board hearing, Board resolution, or his applications.

Mitchell alleged the Board failed to comply with the requirements of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -171. Specifically, he asserts the Board did not abide by N.J.S.A. 40:55D-10(g)(2), which provides "[t]he [Board] shall provide the findings and conclusion through: . . . [a] memorializing resolution adopted at a meeting held not later than [forty-five] days after the date of the meeting at which the [Board] voted to grant or deny approval." Additionally, he contends the Board did not comply with N.J.S.A. 40:55D-10(h), "[a] copy of the decision shall be mailed by the [Board] within [ten] days of the date of decision to the applicants or, if represented, then to his attorney . . . "

Mitchell contended the Board published notice of the May 4, 2022 denial on October 23, 2022, and emailed a copy of the resolution regarding the May 4,

4

2022 hearing. He further asserted the Board did not pass a resolution regarding the October 5, 2022 denial by November 18, 2022, nor did it serve him with a copy of the resolution by November 28, 2022, as required by the statutory timeframe. Rather, on November 26, 2022, the acting Township clerk emailed Mitchell a copy of the proposed order for publication in the local newspaper regarding the October 5, 2022 hearing. Later, Mitchell confirmed the Board published notice of the October 5, 2022 hearing on November 20, 2022; however, the published notice stated the Board memorialized their decision on November 9, 2022.

Mitchell then filed a notice of default approval on December 23, 2022, concerning the October 5, 2022 hearing in the local newspaper. Approximately one year later, Mitchell began constructing his accessory structure. However, in January 2024, the Township required him to cease construction and issued citations.

On June 20, 2024, Mitchell filed a complaint in the Federal District Court against the Township defendants asserting violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601 to 3619; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; the New Jersey Law Against Discrimination (NJLAD),

A-1496-24

N.J.S.A. 10:5-1 to -50; the MLUL; and the Fourth and Fourteenth Amendments. He sought a declaratory judgment and compensatory and punitive damages. On September 10, 2024, Mitchell amended his federal complaint to add two Township employees as defendants: Zoning Officer Theodore Evans and Construction Official Steve Buchhofer.

Mitchell claimed he did not receive notice of the Board's October 5, 2022 resolution until August 21, 2024, when the Township defendants moved to dismiss the federal complaint. Consequently, over three months later, on October 4, 2024, Mitchell filed a complaint in lieu of prerogative writs in the Law Division against the Township defendants, challenging the Board's October 5, 2022 denial of his application for the two N.J.S.A. 40:55D-70(c)(2) bulk variances. He alleged violations of the MLUL; the Fourth Amendment; the FHA; the ADA; and the NJLAD. Mitchell also asserted the Board's adoption of the resolution was arbitrary, capricious, and unreasonable. Mitchell sought a declaratory judgment and injunction against the Township defendants, and compensatory and punitive damages.

The Township defendants moved to dismiss the Law Division complaint. Mitchell opposed the motion. On December 12, 2024, the trial court granted the Township defendants' motion and dismissed Mitchell's complaint. In its

accompanying statement of reasons, the court noted at the outset the state complaint was based on the "same exact facts" as the federal complaint. Relying on governing law, the court analyzed the first-filed doctrine and reasoned, "the state complaint [wa]s substantially similar, and in terms of the parties and the counts in the complaint, [wa]s in every way a subset of the federal complaint." It determined Mitchell "failed to overcome the presumption favoring the first-filed action."

The court also found the complaint was time-barred under Rule 4:69-6(b)(3), which governs actions in lieu of prerogative writs, because forty-five days began to run from the Board's publishing of notice or the mailing of notice to Mitchell, whichever was later. It explained the Township defendants had provided "more than sufficient evidence," as Mitchell received an email of the Board's decision with the resolution concerning the October 5, 2022 hearing on November 26, 2022. Moreover, Mitchell did not rebut he was present with counsel at the October 5, 2022 hearing, and notice was published in the local newspaper on November 20, 2022. The court also noted none of the three bases for enlarging the forty-five-day window to file an appeal, as set forth under the MLUL, were present in this case.

A-1496-24

II.

Mitchell raises three arguments on appeal. First, he contends the first-filed doctrine does not bar his state action. Second, he asserts his state complaint was timely filed. Lastly, Mitchell argues the forty-five-day filing period should be relaxed due to the conduct of the Township defendants.

We first address Mitchell's contention the first-to-file doctrine does not bar his action in lieu of prerogative writs. He asserts the doctrine is not applicable because there are substantial differences between his state and federal actions. In particular, he claims his federal action seeks primarily monetary relief, while his state court action is directed primarily at injunctive relief. He further argues, even if the doctrine were to apply, special equities exist that overcome the presumption favoring the first-filed case. However, Mitchell's contentions are belied by the record.

The first-filed rule is a doctrine of comity, which we review under an abuse of discretion standard. Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 390 (2008). "The determination of whether to grant a comity stay or dismissal is generally within the discretion of the trial court." Ibid.; see also Gosschalk v. Gosschalk, 48 N.J. Super. 566, 579 (App. Div. 1958) (concluding a trial court's decision will be sustained absent a clear showing that its authority

has been abused). "A court abuses its discretion when its 'decision is made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)).

"New Jersey has long adhered to the 'general rule that the court which first acquires jurisdiction has precedence in the absence of special equities.'" Platkin v. Smith & Wesson Sales Co., Inc., 474 N.J. Super. 476, 487 (App. Div. 2023) (quoting Sensient Colors, 193 N.J. at 386). "[A]ny comity analysis should begin with a presumption in favor of the earlier-filed action." Sensient Colors, 193 N.J. at 387. Under the doctrine of comity, "'the court which first acquires jurisdiction [over a dispute] has precedence in the absence of special equities,'" Id. at 386 (quoting Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978)), which are "reasons of a compelling nature that favor the retention of jurisdiction by the court in the later-filed action." Id. at 387.

In order to dismiss a New Jersey action on the basis of comity, the moving party bears the burden to establish "(1) that there is a first-filed action in another [court]; (2) that both cases involve substantially the same parties, the same claims, and the same legal issues; and (3) that [the] plaintiff [in the second-filed action] will have the opportunity for adequate relief in the prior jurisdiction."

9

Id. at 390 (third alteration in original) (quoting Am. Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 37 (App. Div. 1995)).

It is unrebutted Mitchell's federal action was filed more than three months before the state action. The trial court properly concluded the Township defendants presented sufficient credible evidence to establish the three elements of Sensient Colors. On its face, both complaints substantially overlap. Specifically, each complaint asserts the Board published notice of its October 5, 2022 decision on November 20, 2022, regarding the denial of Mitchell's application. However, Mitchell argues he did not receive formal notice of the resolution until August 21, 2024, during the pendency of the Township defendants' motion to dismiss the federal complaint. The record reflects both complaints advance the same claims: they challenge the Township defendants' October 5, 2022 denial, allege undue delay in publishing notice and in emailing Mitchell regarding the denial, and seek similar forms of relief. Mitchell's amended complaint—adding two Township employees in both their individual and official capacities—does not cure this fundamental defect.

"If the party seeking relief 'satisfies those prerequisites, then the burden shifts to the other party, [who] must demonstrate special equities' that weigh in favor of retention of jurisdiction by the court in the second-filed action." Van

A-1496-24

Den Ende v. Reynolds, 482 N.J. Super. 507, 516 (2025) (alteration in original) (quoting Sensient Colors, 193 N.J. at 390-91). A special equities analysis is fact-intensive and centers on the question of whether "a first-filed action may not do full justice to a party." Sensient Colors, 193 N.J. at 392. Special equities include: forum-shopping; bad faith filing to preclude another party's filing in a more favorable jurisdiction; significant state interests or public policy of the forum state; and significant hardship or inconvenience for a party. Id. at 387-89.

Mitchell asserts "[his] federal and state complaints request different relief and that only . . . [a] state court can provide [adequate] injunctive relief." However, this contention does not satisfy his burden to overcome the first-to-file presumption. Accordingly, the presumption favoring the first-filed case remains undisturbed. See Platkin, 474 N.J. Super. at 486-88.

The trial court also correctly determined the state action was time-barred. The Board first published its decision on November 20, 2022, and emailed Mitchell the publication on November 26, 2022. Pursuant to Rule 4:69-6(b)(3) Mitchell was required to file his complaint no later than January 4, 2023. However, Mitchell did not file his complaint until October 4, 2024, nearly two years later. Thus, under a strict application of the rule's time restrictions, the

11

complaint was untimely.  The trial court properly exercised its discretion in not extending the forty-five-day statute of limitations in the interests of justice. Borough of Princeton v. Bd. of Chosen Freeholders of Cnty. of Mercer, 169 N.J. 135, 152 (2001) ("Rule 4:69-6(c) . . . authorizes enlargement 'where it is manifest that the interest of justice so requires.'").

Based on the record, we discern no abuse of discretion by the trial court. To the extent not addressed, Mitchell's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1496-24